UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

GARDEN CITY BOXING CLUB, INC., :

                Plaintiff, : 05 Civ. 8235 (DAB) (AJP)

        -against- : **REPORT AND RECOMMENDATION**

ADAM GIL, et al., :

               Defendants. :

------------------------------------x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Deborah A. Batts, United States District Judge:**

On July 7, 2006, Judge Batts granted plaintiff Garden City Boxing Club a default judgment against defendants Adam Gil and Sol Poblano Restaurant & Pizza, Inc. ("Poblano Restaurant"), and referred the case to me for an inquest. (Dkt. No. 12: 7/7/06 Default Judgment; Dkt. No. 13: 7/7/06 Referral Order.) I directed the parties to submit inquest papers and opposition papers (Dkt. No. 14: 7/7/06 Order), and although the deadline has passed, defendants have not filed any opposition papers.[1]

For the reasons set forth below, plaintiff Garden City Boxing should be awarded statutory damages of $20,000 plus attorneys' fees and costs of $1,980.25.

---

[1]    The Post Office returned both the certified and regular mail copies of my Order to Poblano Restaurant, with the indications "new restaurant at address" and "vacant - unable to forward." The certified and regular mail copies of the Order addressed to Gil were neither returned to the Court, nor was the certified receipt returned.

## FACTS

Where, as here, "'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.) (quoting C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2688 at 58-59 (3d ed. 1998)).

The complaint alleges that defendants violated the Federal Communications Act of 1934, 47 U.S.C. §§ 553 and 605, by intercepting, receiving, descrambling and exhibiting, without leave or permission from Garden City Boxing, the closed-circuit, pay-per-view November 27, 2004 Barrera/Morales boxing match and related undercard bouts. (Dkt. No. 1: Compl. ¶¶ 12-33.)

Garden City Boxing's investigator determined that Poblano Restaurant had a capacity of 50 people, and that 20 people were present in the Restaurant while it was showing the fight broadcast. (Dkt. No. 8: Gagliardi Aff. ¶¶ 7-8 & Ex. C: 12/1/04 Investigator Rodriguez Aff.)

## ANALYSIS

### Inquest Damages

The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)-(ii), the Court may award statutory damages of between $1,000 and $10,000, and where the violation is willful and for purposes of commercial advantage, additional damages of up to $100,000. For violation of 47 U.S.C. § 553, the Court may award statutory damages of $250 to $10,000, and may increase the amount to up to $50,000 for willful violations committed for purposes of commercial advantage. 47 U.S.C. § 553(c)(3)(A)(ii), (B). See generally, e.g., Garden City Boxing Club, Inc. v. Mendez, 05 Civ. 10001, 2006 WL 1305042 at *1 (S.D.N.Y. May 12, 2006) (Peck, M.J.), report & rec. modified & adopted 2006 WL 1716909 (S.D.N.Y. June 16, 2006) (Berman, D.J.); Joe Hand Promotions, Inc. v. Soto, 01 Civ. 0329, 2003 WL 22962810 at *1 (S.D.N.Y. Dec. 17, 2003) (Peck, M.J.); Cablevision Sys. New York City Corp. v. Torres, 02 Civ. 7602, 2003 WL 22078938 at *3 (S.D.N.Y. Sept. 9, 2003) (Peck, M.J.); King Vision Pay-Per-View Corp. v. Drencia Rest. Corp., 01 Civ. 9777, 2002 WL 1000284 at *1-2 (S.D.N.Y. May 15, 2002) (Peck, M.J.); King Vision Pay-Per-View Corp. v. Papacito Lidia Luncheonette, Inc., 01 Civ. 7575, 2001 WL 1558269 at *2 (S.D.N.Y. Dec. 6, 2001) (Peck, M.J.); King Vision Pay-Per-View, Ltd. v. New Paradise Rest., 99 Civ. 10020, 2000 WL 378053 at *2 (S.D.N.Y. Apr. 11, 2000) (Peck, M.J.).

A plaintiff cannot recover under both 47 U.S.C. § 605 and § 553. See, e.g., Garden City Boxing Club, Inc. v. Mendez, 2006 WL 1305042 at *2; Joe Hand Promotions, Inc. v. Soto, 2003 WL 22962810 at *2; Cablevision Sys. New York City Corp. v. Torres, 2003 WL 22078938 at *3; King Vision Pay-Per-View Corp. v. Drencia Rest. Corp., 2002 WL 1000284 at *2; King Vision Pay-Per-View Corp. v. Papacito Lidia Luncheonette, Inc., 2001 WL 1558269 at *2; King

Vision Pay-Per-View, Ltd. v. New Paradise Rest., 2000 WL 378053 at *2.[2/] Garden City Boxing recognizes this limitation, and has elected to recover statutory damages under § 605. (See, e.g., Dkt. No. 10: Pl. Br. at 5.)

"I have repeatedly awarded statutory damages of $20,000 in pay-per-view interception and transmission cases such as this." Entm't By J&J, Inc. v. PJ's Lounge, 02 Civ. 0772, 2005 WL 159631 at *1 (S.D.N.Y. Jan. 26, 2005) (Peck, M.J.); see, e.g., Joe Hand Promotions, Inc. v. Soto,

---

[2/] Accord, e.g., Int'l Cablevision Inc. v. Sykes, 75 F.3d 123, 129 (2d Cir.), cert. denied, 519 U.S. 929, 117 S. Ct. 298 (1996); Kingvision Pay-Per-View Ltd. v. Autar, 426 F. Supp. 2d 59, 62 (E.D.N.Y. 2006); Kingvision Pay-Per-View, Ltd. v. Brito, 05 Civ. 1042, 2006 WL 728408 at *1 (S.D.N.Y. Mar. 20, 2006); Cablevision Sys. New York City Corp. v. Pierce, 04 Civ. 9863, 2005 WL 2790427 at *3 (S.D.N.Y. Oct. 27, 2005), report and rec. adopted, 2006 WL 888162 (S.D.N.Y. Apr. 5, 2006); Garden City Boxing Club, Inc. v. La Cabana Rest., 04 Civ. 7288, 2005 WL 1522324 at *3 (S.D.N.Y. June 24, 2005); Kingvision Pay-Per-View, Ltd. v. Cardona, 03 Civ. 3839, 2004 WL 1490224 at *2 (S.D.N.Y. June 30, 2004); Cablevision Sys. New York City Corp. v. Collins, 01 Civ. 10954, 2004 WL 1490307 at *3 (S.D.N.Y. June 29, 2004); Time Warner Cable v. Evans, 00 Civ. 1385, 2001 WL 1241756 at *4 (S.D.N.Y. Oct. 9, 2001) ("When a court determines that a defendant's conduct has violated both § 605 and § 553 of the Communications Act, a plaintiff may recover damages only under one of those sections."); Cablevision Sys. New York City Corp. v. Cruz, 00 Civ. 5931, 2001 WL 1388155 at *3 (S.D.N.Y. July 23, 2001), report & rec. adopted, 2001 WL 951730 (S.D.N.Y. Aug. 21, 2001); Kingvision Pay-Per-View, Ltd. v. Jasper Grocery, 152 F. Supp. 2d 438, 441 (S.D.N.Y. 2001); Cablevision Sys. New York City Corp. v. Flores, 00 Civ. 5935, 2001 WL 761085 at *3 (S.D.N.Y. July 6, 2001); Time Warner Cable v. Barbosa, 98 Civ. 3522, 2001 WL 118608 at *5 (S.D.N.Y. Jan. 2, 2001), report & rec. adopted, 2001 WL 180366 (S.D.N.Y. Jan. 19, 2001); see also, e.g., Time Warner Cable v. Barnes, 13 F. Supp. 2d 543, 548 (S.D.N.Y. 1998); TWC Cable Partners v. Multipurpose Elecs. Int'l, Inc., No. CV-97-2568, 1997 WL 833471 at *1 (E.D.N.Y. Oct. 6, 1997); New Contenders, Inc. v. Diaz Seafood Corp., 96 Civ. 4701, 1997 WL 538827 at *1 (S.D.N.Y. Sept. 2, 1997); Time Warner Cable v. Olmo, 977 F. Supp. 585, 589 (E.D.N.Y. 1997); Time Warner Cable v. Taco Rapido Rest., 988 F. Supp. 107, 111 (E.D.N.Y. 1997). But see King Vision Pay-Per-View v. Las Cazuelas Mexican Rest., 99 Civ. 10041, 2000 WL 264004 at *3 (S.D.N.Y. Mar. 9, 2000) (awarding damages under both § 553 and § 605). Even if the Court could award damages under both § 605 and § 553, the Court would decline to do so here, since it would result in an award that is excessive under the circumstances.

2003 WL 22962810 at *1-2 & n.3 (citing prior decisions); see my decisions cited above. The Court sees no reason not to award that amount in this case.[3]

**Attorneys' Fees and Costs**

Plaintiff has submitted affidavits justifying its request for attorneys' fees of $1,530.25 (at the rate of $200 per hour for Ms. Lonstein and $75 per hour for a paralegal) and costs and expenses of $800. (See Dkt. No. 10: Pl. Br. at 8-9; Dkt. No. 9: Lonstein Aff.) The attorneys' fees amount is reasonable and is approved. The Court disallows the $350 cost for investigator fees. See Garden City Boxing Club, Inc. v. Mendez, 2006 WL 1716909 at *2; Joe Hand Promotions, Inc. v. Soto, 2003 WL 22962810 at *2; but see, e.g., Kingvision Pay-Per-View Ltd. v. Autar, 426 F. Supp. 2d at 66-67. The statutory damage award is more than sufficient without also awarding investigator fees. The remaining costs (filing fee and service costs) are appropriate and should be awarded. Thus, plaintiff should be awarded $1,980.25 in attorneys' fees and costs.

## CONCLUSION

For the reasons set forth above, plaintiff should be awarded $20,000 in statutory damages and $1,980.25 in attorneys' fees and costs.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.

---

[3] Because the award itself is sufficient, the Court declines to award prejudgment interest. See, e.g., Kingvision Pay-Per-View Ltd. v. Autar, 426 F. Supp. 2d at 64-65.

See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Batts (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:   New York, New York
         August 3, 2006

Respectfully Submitted,

Andrew J. Peck
United States Magistrate Judge

Copies to:   Julie Cohen Lonstein, Esq.
             Adam Gil (Regular & Certified Mail)
             Sol Poblano Restaurant (Regular & Certified Mail)
             Judge Deborah A. Batts